UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASSANDRA SIEGWORTH,

       Plaintiff,

v.                                      Case No. 8:09-cv-973-T-33TBM

SUN CITY STABLES, et al.,

       Defendants.

_____/

<u>**ORDER**</u>

This matter is before the Court pursuant to defendant David Winn's Motion for Partial Summary Judgment (Doc. # 42), filed on December 6, 2010. Plaintiff Cassandra Siegworth filed a Response in Opposition (Doc. # 48), on December 28, 2010. For the reasons that follow, the Motion is denied.

In this personal injury action, Ms. Siegworth allegedly sustained injuries on January 23, 2006, when pigs spooked a horse she was riding on property occupied by Sun City Stables. (Doc. # 1 at 3-6). According to the complaint, Mr. Winn is an individual owner "of the property, premises, horses, facilities and animals constituting . . . Sun City Stables." (Doc. # 1 at 2). Mr. Winn moves for summary judgment as to counts one, two, three and five of the complaint and submits that he was not an owner or operator of Sun City Stables such that he can not be held liable for Ms. Siegworth's injuries and claims. (Doc. # 42 at 3).

In count one, Ms. Siegworth seeks to recover damages for her injuries based on various theories of negligence, including failure to control the pigs and failure to maintain the grounds. (Doc. # 1 at 3-6). In counts two and three, Ms. Siegworth seeks to recover worker's compensation benefits and unpaid wages, respectively. (Doc. # 1 at 6-10). In count five, Ms. Siegworth demands judgment from all of the defendants, jointly and severally, and submits that the defendants have "adopted a practice of conducting business on or at Sun City Stables through one or more business entities . . .[and] commingled their assets and cloaked their identities and real ownership interests in one or more corporate veils." (Doc. # 1 at 13).

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder

reviewing the evidence could draw more than one inference from the facts, and that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988)(citing Augusta Iron & Steel Works, Inc. v. Emp'rs Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)).

Ms. Siegworth maintains that whether Mr. Winn was an owner or operator of Sun City Stables on the date of her injury remains in controversy. (Doc. # 48 at 2). In support, she submits that Mr. Winn admitted that he lives on and conducts his business from the Sun City Stables property (Doc. # 45 at 8-9, 10). During his deposition, when asked about the pigs on the property, Mr. Winn answered "I've seen our pigs dig underneath, you know – you know, a fence, you know. And I shouldn't say our pigs, because they're not mine. They are now." (Doc. # 45-4 at 4). During Mrs. Winn's deposition, she also referred to the Sun City Stables operations in the plural. (Doc. # 44 at 13, line 13-15; Doc. # 44 at 14, line 10; Doc. # 44 at 16, line 2;  Doc. # 44 at 17, line 23; Doc. # 44-1 at 6).

In addition, Ms. Siegworth filed an article dated June 10, 2006, approximately four months after her injury, from news website TBO.com which reports that Mr. and Mrs. Winn purchased "23 acres in old Sun City and converted the acreage

into stables.  Today, Sun City Stables is a growing enterprise

and there are plans for additions on the drawing board."

(Doc. # 48-2 at 1).  The article explains that "David Winn

runs the business end of the stables . . . ."  (Doc. # 48-2 at

2).[1]

 This Court has reviewed all of the evidence submitted by

the parties and concludes that, construing the evidence in the

light most favorable to the non-moving party, a genuine issue

of material fact exists regarding who owned and operated the

property on the date of Ms. Siegworth's injuries.  Based on

the foregoing, the Court denies the Motion.

 Accordingly, it is

 **ORDERED, ADJUDGED,** and **DECREED:**

 David Winn's Motion for Partial Summary Judgment (Doc. #

42) is **DENIED.**

---

[1] Church of Scientology Flag Serv. Org., Inc., v. City of Clearwater, 2 F.3d 1514, 1530 (11th Cir. 1993)("Even if [newspaper articles] would have been inadmissible at trial (and we do not hold that they would have been), such materials were appropriately submitted by the non-moving party in opposition to the motion for summary judgment")(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (party opposing motion for summary judgment with hearsay documents need not "produce evidence in a form that would be admissible at trial in order to avoid summary judgment"); Offshore Aviation v. Transcon Lines, Inc., 831 F.2d 1013, 1015 & n. 1 (11th Cir. 1987) (per curiam) ("The claim by [the moving party] that the letter is inadmissible hearsay does not undercut the existence of any material facts the letter may put into question.")).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>4th</u>

day of May, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel and Parties of Record